IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM THOMAS DAVIS,**

      **Plaintiff,**

v.                                                             Civil action no. 5:11cv61
                                                                   (Judge Stamp)

**JOHN YEAGER, Jr.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

On April 21, 2011, the above-styled action was filed by the *pro se* plaintiff, William Thomas Davis ("Davis") alleging legal malpractice against John Yeager[1] ( "Yeager") for his representation during a criminal proceeding in this Court. On May 11, 2011, the plaintiff was granted leave to proceed *in forma pauperis* and on June 14, 2011, the plaintiff paid the required initial partial filing fee. Accordingly, this matter is before the undersigned for an initial Report and Recommendation.

## I. Factual History

The United States charged Davis in a One Count Information with being a Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1). Yeager defended Davis against those criminal charges as Davis' court-appointed counsel. On April 2, 2008, Davis entered into an amended plea agreement with the United States, in which he agreed to waive his right to have his case presented to a Federal Grand Jury and plead guilty to the Information. On July 2, 2008, Davis was

---

[1] As noted within this Report and Recommendation, Mr. Yeager died on June 20, 2010. Therefore, it would appear that the plaintiff should have named the Estate of John Yeager as the defendant. However, because the undersigned has concluded that the complaint should be dismissed, it seems unnecessary to have the plaintiff amend his complaint because the end result would remain the same.

sentenced to 180-months imprisonment.

On March 27, 2009, Davis filed a motion pursuant to 28 U.S.C. § 2255 alleging that the Government breached the plea agreement and setting forth six instances of ineffective assistance of counsel. On August 24, 2010, Magistrate Judge Kaull issued a Report and Recommendation that Davis' § 2255 motion be denied and dismissed with prejudice in all respects except for his claim of ineffective assistance of counsel based on the allegation that he requested Yeager to file an appeal which Yeager ignored or refused to do. An evidentiary hearing was scheduled for November 5, 2010, on Davis' claim that Yeager failed to file an appeal as directed. No such hearing was conducted because Yeager died on June 20, 2010. On February 22, 2011, the Court affirmed and adopted the Report and Recommendation and denied and dismissed Davis' motion. However, because of Yeager's death, the Court found it appropriate to grant the petitioner the right to appeal his July 2, 2008 judgment. Accordingly, "under these unusual circumstances, the petitioner's claim of ineffective assistance of counsel ....is granted." See 5:08-cr-00021-FPS-JSK Dckt 71, p. 21.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim

2

under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**III. ANALYSIS**

The federal courts are courts of limited jurisdiction which may exercise only those powers authorized by the Constitution and by statute. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994). As the party asserting the Court's jurisdiction, the plaintiff has the burden of proving that the Court has subject-matter jurisdiction. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

**A. Federal Question Jurisdiction**

Congress has provided district courts with subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law when "the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws or the [federal]Constitution. Louisville & N.R. Co. V. Mottley, 211 U.S. 149, 152 (1908). The existence of federal question jurisdiction is determined by examining the plaintiff's well-pleaded complaint. Loftis v. United Parcel Serv. Inc., 342 F.3d 514, (6th Cir. 2003). Federal question jurisdiction arises where a "well-pleaded complaint establishes either that the federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." Franchise Tax Bd. V. Constr, Laborers Vacation

---

[2] Id. at 327.

Trust, 463 U.S. 1, 27-28 (1983).

In this civil action the plaintiff alleges legal malpractice arising out of federal criminal proceedings. The only federal source of law cited by the plaintiff is the Criminal Justice Act of 1964 ("CJA") and, to some extent, the Sixth Amendment. However, the plaintiff's malpractice claim is based on state law rather than his constitutional right to have effective assistance of counsel. Schuch v. Cipriani, 2006 WL 1651023 (N.D.W.Va. June 13, 2006)(noting that a legal malpractice claim stemming from the defense of an underlying federal criminal case is a purely state law claim).[3] Therefore, the plaintiff's reliance on the CJA and Sixth Amendment is misguided, and his malpractice claim creates no federal question for jurisdictional purposes.

B. **Diversity Jurisdiction**

"In addition to giving federal district courts original jurisdiction over cases arcing under federal law, see 28 U.S.C. § 1331, Congress 'has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens,' 'to provide a neutral forum for what have come to be known as diversity cases[.]" Everett v. Verizon Wireless, Inc., 460 F.3d 818, 821 (6th Cir. 2006)(quoting Exxon Mobil Corp. V. Allapattah Servs., 545 U.S. 546, 552 (2005)). A plaintiff wishing to bring suit in federal court has the burden of proving complete diversity and the requisite $75,000 in controversy. See

---

[3]In reaching this decision, the Court found that other courts have held that legal malpractice claims are essentially state law claims. For instance, the Seventh Circuit has held, although a malpractice claim may grow out of the defendant of a federal criminal, such claim does not create a federal question, even where its resolution would require a substantial evaluation of applicable federal law. See Hayes v. Bryan Cave, LLP, 446 F.3d 712, 713 (7th Cir. 2006)(directing district court to remand case to state court for lack of subject matter jurisdiction). See also Bilal v. Bell, 944 F.2d 842 (8th Cir. 1993)(unpublished)("a legal malpractice action does not raise a federal question"); Jost v. State of Oregon, 923 F.2d 862 (9th Cir. 1991) (unpublished)(same).

4

Richmond v. Fredericksburg & Potomac R. Co. V. United States, 945 F.2d 765. 768 (4th Cir. 1991). When considering diversity for jurisdictional purposes, a prisoner's domicile is presumed to be where he was domiciled prior to incarceration. Palokoff v. Henderson, 370 F. Supp. 690, 693 (N.D. Ga. 1973), aff'd, 488 F.2d 977 (5th Cir. 1974)(cited with approval, Roberts v. Morchower, 956 F.2d 1163 (4th Cir. 1992)(unpublished)). Where the inmate demonstrates an intention to change domicile, the presumption is rebuttable. See Jones v. Hadican, 552 F.2d 249 (8th Cir. 1977).

In this matter, Davis has not alleged any facts to establish complete diversity. Yeager was a resident of West Virginia at the time he represented Davis as well as at the time of his death. Davis was a resident of West Virginia at the time of his arrest. (Dckt. 31, 5:08cr21). Although Davis is currently incarcerated in New Jersey, he has not alleged any facts establishing an intention to change his domicile from West Virginia, and he therefore remains domiciled in West Virginia for jurisdictional purposes. Palokoff at 693. Consequently, the parties in this action are not diverse, and subject matter jurisdiction does not exist pursuant to § 1332.

## C. Statute of Limitations

"[A] cause of action for legal malpractice accrues when the malpractice occurs, or when the client knows, or by reasonable effort should know, of the malpractice." Syl. Pt. 5, Vansickle v. Kohout, 599 S.E.2d 856 (W.Va. 2004). In applying the accrual principles set forth above in Vansickle, this Court has noted that the accrual date for a legal malpractice claim based on an underlying criminal conviction is the date on which the plaintiff filed his petition for writ of habeas corpus claiming ineffective assistance of counsel. Schuch, supra. Although finding that it did not have subject matter jurisdiction to adjudicate the plaintiff's legal malpractice claim, the Court also opined in dictum that even if it did not have subject matter jurisdiction, the applicable statute of

limitations would have barred the plaintiff's legal malpractice claim, specifically stating:

> It should be noted that is this Court had subject matter jurisdiction, the plaintiff's complaint would fail on the merits...This Court finds that the defendants' motion for summary judgment would be granted based on the applicable two year statute of limitations, which accrued when the plaintiff knew, or should have known, of the facts underlying this action. This Court agrees with the defendants that this date would have been prior [to] September 9, 2003, the date on which the plaintiff [began] to work on his habeas petition. Accordingly, if this Court had subject matter jurisdiction...the defendants' Motion for summary judgment would have been granted.

Id. (internal citations omitted).

As noted above, Davis filed his motion to vacate his sentence on March 27, 2009, claiming he suffered ineffective assistance of counsel in the underlying criminal case. Thus, it is indisputable that Davis had formed his belief that Yeager was negligent in the underlying case no later than March 27, 2009. Because Davis did not file the instant action until April 21, 2011, his claims against Yeager are barred by the applicable two-year statute of limitations.

**D. Application of Immunity Under West Virginia Law**

It is well settled law that in order to promote uniformity within a state, federal district courts generally apply the laws of the state in which they sit. Van Dusen v. Barrack, 376 U.S. 612, 637 (1964). In addition, when "state law creates a cause of action, the State is free to define the defenses to that claim, including the defense of immunity, unless, of course, the state rule is in conflict with federal law." Ferri v. Ackerman, 444 U.S. 193, 198 (1979)(holding that federal law does not preempt a state's ability to decide whether court appointed attorneys are entitled to immunity for court-appointed counsel in a state malpractice action).

Relying on Schuch, the undersigned has already noted that Davis' legal malpractice claim is

purely a matter of state law. Thus, unless federal law preempts a state's ability to provide immunity for court appointed attorneys, each state remains free to define the defenses to a plaintiff's legal malpractice claim, including the defense of immunity. Ferri 444 U.S. at 198. Because the U.S. Supreme Court in Ferri held that the CJA does not preempt a state's ability to provide immunity for court appointed attorney's this Court should look to West Virginia law to decide whether Yeager is immune from state based legal malpractice claims.

West Virginia Law specifically provides that an attorney who is appointed to represent an indigent client shall be immune from liability in a subsequent legal malpractice suit initiated by the indigent client. Syl. Pt. 5 Powell v. Wood County Commission, 550 S.E.2d 617 (W.Va. 2001), citing W.Va. Code § 29-21-20. Because West Virginia law provides immunity for an attorney who is appointed to represent an indigent client in a subsequent legal malpractice action, Yeager is immune from the plaintiff's "legal malpractice lawsuit."

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e) and 1915A as frivolous.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp. Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985)

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

Dated: June 20, 2011.

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE