IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM THOMAS DAVIS,

    Plaintiff,

v.                              Civil Action No. 5:11CV61
                                              (STAMP)
JOHN YEAGER, JR.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR AN EXTENSION OF TIME
TO RESPOND TO REPORT AND RECOMMENDATION
AND AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se[1] plaintiff, William Thomas Davis, filed a complaint in this Court alleging that the defendant, John Yeager, Jr.[2] committed legal malpractice. The defendant was appointed to represent the plaintiff in the plaintiff's criminal case pursuant to the Criminal Justice Act ("CJA"). In March 2009, the plaintiff filed a habeas petition pursuant to 28 U.S.C. § 2255, alleging that the government breached the plea agreement and alleging ineffective assistance of counsel. In his petition, the plaintiff had claimed that the defendant had failed to file an appeal at the plaintiff's request. Because of the defendant's death, this Court found it

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The defendant is deceased.

appropriate to grant the plaintiff's claim of ineffective assistance of counsel.

The case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation. Magistrate Judge Seibert issued a report and recommendation, recommending that the plaintiff's complaint be dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The plaintiff then filed a motion for extension of time to file objections.[3] Thereafter, the plaintiff filed objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a <u>de novo</u> review as to those

---

[3]For good cause shown, the plaintiff's motion for an extension of time to file objections is granted.

2

portions of the report and recommendation to which objections were made.

### III. Discussion

In his report and recommendation, the magistrate judge found that this Court lacked subject matter jurisdiction over the plaintiff's civil action. The magistrate judge concluded that neither federal question nor diversity jurisdiction existed. Next, the magistrate judge stated that the plaintiff's legal malpractice action was time-barred under the applicable statute of limitations. Finally, the magistrate judge held that the defendant is immune from liability in this suit pursuant to West Virginia law. The plaintiff filed objections, in which he argues that both federal question and diversity jurisdiction exist. He also argues that the statute of limitations has not run on this civil action. The plaintiff does not address the issue of immunity in his objections.

This Court finds that the magistrate judge correctly determined that this Court lacks subject matter jurisdiction over this action. District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Subject matter jurisdiction is not necessarily defeated by the possibility that the plaintiff's complaint might fail to state a cause of action. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998). In other words, where a plaintiff alleges facts upon which relief

could be granted pursuant to a federal question, a court should not dismiss for lack of subject matter jurisdiction. <u>Da Silva v. Kinsho Int'l Corp.</u> 229 F.3d 358, 361-366 (2d Cir. 2000). However, subject matter jurisdiction based on a federal question will not exist where the federal claim is "immaterial" or "wholly insubstantial and frivolous." <u>Steel Co.</u>, 523 U.S. at 89.

In this civil action, the plaintiff alleges legal malpractice arising out of federal criminal proceedings. The only federal sources of law cited by the plaintiff are the Sixth Amendment and the CJA. Although the Sixth Amendment was the basis for the plaintiff's habeas petition through which he sought to have his sentence reduced, the plaintiff's malpractice claim is based on state law rather than his constitutional right to effective assistance of counsel. As other courts have held, legal malpractice claims are essentially state law claims. See <u>Hays v. Bryan Cave, LLP</u>, 446 F.3d 712, 713 (7th Cir. 2006)(directing district court to remand case to state court for lack of subject matter jurisdiction). As the Seventh Circuit has held, though a malpractice claim may grow out of the defense of a federal criminal, such claim does not create a federal question, even where its resolution would require a substantial evaluation of applicable federal law. <u>Id.</u>[4] Accordingly, the plaintiff's reliance on the

---

[4]<u>See also</u> <u>Bilal v. Bell</u>, 944 F.2d 842 (8th Cir. 1993)(unpublished)("a legal malpractice action does not raise a federal question"); <u>Jost v. State of Oregon</u>, 923 F.2d 862 (9th Cir.

4

Sixth Amendment in this action is misplaced and his malpractice claim creates no federal question for jurisdictional purposes.

District courts also have original jurisdiction in all civil actions when a matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. The plaintiff wishing to bring suit in federal court has the burden of proving complete diversity and the requisite amount in controversy. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When considering diversity for jurisdictional purposes, a prisoner's domicile is presumed to be where he was domiciled prior to incarceration. Palokoff v. Henderson, 370 F. Supp. 690, 693 (N.D. Ga. 1973), aff'd, 488 F.2d 977 (5th Cir. 1974)(cited with approval, Roberts v. Morchower, 956 F.2d 1163 (4th Cir. 1992)(unpublished)). Where the inmate demonstrates an intention to change domicile, the presumption is rebuttable. See Jones v. Hadican, 552 F.2d 249 (8th Cir. 1977).

In this action, the plaintiff has not alleged any facts to establish complete diversity. Moreover, the defendant, before his death, was a resident of West Virginia and the plaintiff was a resident of West Virginia at the time of his arrest. Although the plaintiff is currently incarcerated in New Jersey, he has not alleged any facts establishing an intention to change his domicile

---

1991)(unpublished)(same).

from West Virginia, and therefore, he remains domiciled in West Virginia for jurisdictional purposes. Palokoff at 693. Accordingly, the parties in this action are not diverse, and, after a de novo review, this Court finds that subject matter jurisdiction does not exist pursuant to § 1332.

This Court also finds that the magistrate judge is correct that, even if this Court had subject matter jurisdiction, the plaintiff's complaint is time-barred pursuant to the applicable two-year statute of limitations, see Hall v. Nichols, 400 S.E.2d 901, 904-5 (W. Va. 1990), which accrued when the plaintiff knew, or should have known, of the facts underlying this action. Vansickle v. Kohout, 599 S.E.2d 856, 860 (W. Va. 2004). The magistrate judge found that the plaintiff had formed his belief that Yeager was negligent in the criminal action no later than March 27, 2009, the date the plaintiff filed his habeas petition alleging ineffective assistance of counsel. The plaintiff, in his objections, argues that the statute of limitations did not begin to run until 2011, when this Court granted the plaintiff's habeas petition for ineffective assistance of counsel. After a de novo review, this Court agrees with the magistrate judge that the statute of limitations began to run, at the latest, on March 27, 2009, the date on which the plaintiff filed his habeas petition with this Court alleging ineffective assistance of counsel.

Finally, the magistrate judge concluded that under West Virginia law, the defendant is entitled to immunity. Because the plaintiff did not file objections as to this point, this Court will review the magistrate judge's determination of immunity for clear error. The Supreme Court has held that "federal law does not now provide immunity for court-appointed counsel in a state malpractice suit brought by [a] former client." Ferri v. Ackerman, 444 U.S. 193, 205 (1979). However, the Supreme Court also stated that "when state law creates a cause of action, the State is free to define the defenses to that claim, including the defense of immunity, unless, of course, the state rule is in conflict with federal law." Id. (citing U.S. Const. Art. VI, cl. 2). Because the plaintiff's claim is a state law claim, the magistrate judge appropriately looked to West Virginia law to determine immunity. The West Virginia Supreme Court of Appeals has interpreted West Virginia Code § 29-21-20 to provide immunity to court appointed attorneys of indigent clients in subsequent legal malpractice suits. Powell v. Wood Cnty. Comm'n, 550 S.E.2d 617, 620 (W. Va. 2001). This Court finds that the magistrate judge's determination of immunity is not clearly erroneous. Therefore, even if this Court had subject matter jurisdiction and even if the plaintiff's suit were not time barred, the defendant would be immune from this suit.

## IV. Conclusion

Based upon a de novo review, this Court finds that the magistrate judge's determination as to the issues of subject matter jurisdiction and the statute of limitations are correct. Further, this Court finds no clear error as to the issue of immunity. Accordingly, the magistrate judge's report and recommendation is hereby AFFIRMED and ADOPTED in its entirety. For the reasons set forth above, the plaintiff's complaint is DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 10, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE